UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLARENCE M. WILLIS, *et al*.,

    Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al*.,

    Defendants.

Case No. 2:11-CV-00777-KJD-GWF

**ORDER**

    Before the Court are the Motions to Dismiss (## 4, 9) and Motion to Quash (#11) filed by Defendant Federal National Mortgage Association ("Defendant" or "Fannie Mae"). Plaintiffs filed an opposition (#12) and Defendant filed a reply (#15).

    Also before the Court is Plaintiffs' Motion to Vacate Defendant's Substitution of Counsel (#16), Motion for Hearing on Motion to Vacate (#22), and Motion to Strike Fannie Mae's Untimely Filing (#17). Defendant filed a response to these Motions (#20) and Plaintiffs filed a reply (#24).

    Finally, Defendant filed a Motion to Expunge Lis Pendens (#25). Plaintiffs responded (#26) and Defendant replied (#28) and Plaintiffs filed a surreply (#30).

    The Court rules on these motions together herein.

I. Background

In 2003, Plaintiffs borrowed money to purchase the real property at 4912 Canadian Drive, Las Vegas, Nevada (the "Property"). Plaintiffs refinanced the Property in 2007.[1] On March 26, 2009 an assignment of the deed of trust, dated February 7, 2009, was recorded by Mortgage Electronic Registration Systems, Inc. as nominee for IndyMac Bank, FSB in favor of IndyMac Federal Bank, FSB. OneWest Bank is a successor to IndyMac Bank. OneWest assigned the beneficial interest to Fannie Mae, who recorded notice of the assignment on November 17, 2010 with an effective date of February 7, 2009.

On February 11, 2009 IndyMac Bank recorded a Notice of Default and Election to Cause Sale, noting that the Plaintiffs were in default. On May 13, 2009 IndyMac Bank recorded a Notice of Trustee's Sale, setting the date of sale for June 4, 2009.

On April 29, 2010, Clarence Willis filed for Chapter 7 bankruptcy. On June 18, 2010 OneWest Bank filed a Motion for Relief from Automatic Stay to proceed with foreclosure of the Property. Plaintiff Willis opposed this Motion. The Bankruptcy Court granted the Motion and denied a request by Willis to vacate its Order lifting the automatic stay.

Fannie Mae credit bid and purchased the property at a subsequently noticed foreclosure sale. The Trustee's Deed Upon Sale was recorded on November 17, 2010.

Fannie Mae brought an action in the Clark County Justice Court which resulted in an Order to Show Cause and a Temporary Writ of Restitution which were filed on March 3, 2011 and served on March 15, 2011. Willis was removed from the Property on March 15, 2011. Willis appealed Fannie Mae's eviction, but did not record a lis pendens or file a complaint for wrongful foreclosure. Willis's Motion to Vacate the Court's Order was denied on May 3, 2011.

---

[1] The Court takes judicial notice of facts and documents that are not subject to reasonable dispute and are in the public record, pursuant to Fed. R. Evid. 201. Consideration of these documents is appropriate at the motion to dismiss stage. See Branch v. Tunnell, 14 F3d 449, 454 (9th Cir. 1994).

II. Motion to Vacate Order Granting Substitution of Attorney

Plaintiffs' Motion to Vacate Order Granting Substitution of Attorney (#16) is without merit. Defendant provided an affidavit swearing that it mailed and faxed the Notice of Substitution of Attorney (#13) to Plaintiffs. Plaintiffs claim that they did not receive the Notice. Even if this claim is correct, Plaintiffs do not show how the failure to receive notice of the substitution of counsel caused them any prejudice. A hearing on this Motion is not necessary. Accordingly, the Motion to Vacate and Motion for Hearing are denied.

III. Motion to Strike Untimely Filing

Plaintiffs' Motion to Strike Untimely Filing (#17) is denied. Plaintiffs argue that Defendant's reply was filed two days late. The Court has discretion to accept a late filing and Plaintiffs do not show any prejudice caused by the two-day delay. Accordingly, the Motion to Strike is denied.

IV. Motions to Dismiss

A. Legal Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the

factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### B. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted). Plaintiffs cannot quiet title without discharging debt owed on the Property. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 2010) (a borrower cannot quiet title to a property without discharging any debt owed).

Plaintiffs' Complaint seeks to quiet title, based on the contention that IndyMac Bank lacked the authority to substitute the trustee, notice default, and notice sale because IndyMac Bank's subsequent assignment of its beneficial interest to Fannie Mae was made effective prior to those acts. However, in their Complaint, Plaintiffs do not list a cause of action for wrongful foreclosure. Even if they had, such a claim would be barred because no action was commenced within the 90 day statute of limitations on wrongful foreclosure actions in N.R.S. 107.080(5). Further, Plaintiffs do not claim that they were current on their mortgage. In order to recover for wrongful foreclosure, Plaintiffs must not be in breach of the mortgage contract. Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.1983)

The quiet title claim fails because Plaintiffs do not provide plausible, well-pleaded facts showing that they hold title superior to that of Fannie Mae. Plaintiffs have also failed to plead facts in their Complaint showing that the debt encumbering the property was discharged. In their

Opposition, Plaintiffs state that the debt was discharged in a bankruptcy proceeding. However, the orders from the bankruptcy court demonstrate that the Property was subject to foreclosure after bankruptcy. The bankruptcy judge lifted the automatic stay, noting that there was nothing that would "prevent the Bank from exercising its non-bankruptcy options." (#15 Exh. 1.) Plaintiffs fail to plead specific facts showing that title could be quieted in their name. Accordingly, the claim for quiet title fails.

IV.  Motion to Quash

On June 3, 2011, Plaintiffs delivered to the office of McCarthy & Holthus, LLP a Summons and copy of the Amended Complaint. The Summons is directed to McCarthy & Holthus, LLP as attorneys for the Federal Housing Finance Board. Fed. R. Civ. P. 4 requires service on the party named in the complaint. Further, there is no indication that McCarthy & Holthus, LLP represents the Federal Housing Finance Agency or Board. Accordingly, Defendant's Motion to Quash is granted. Additionally, the complaint is dismissed against the Federal Finance Housing Board because Plaintiffs have failed to file a valid proof of service within 120 days as required by Fed. R. Civ. P. 4(m).

V.  Motion to Expunge Lis Pendens

NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NRS § 14.010(2).

This Order dismisses this action. Accordingly, the Motion to Expunge Lis Pendens is Granted.

VI.  Conclusion

**IT IS HEREBY ORDERED THAT** the Motions to Dismiss of Defendant Federal National Mortgage Company (## 4, 9) are **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Motion to Quash (#11) filed by Defendant Federal National Mortgage Association is **GRANTED**.

1    **IT IS FURTHER ORDERED THAT** Plaintiffs' Motion to Vacate Defendant's Substitution of Counsel (#16) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion for Hearing on Motion to Vacate (#22) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion to Strike Fannie Mae's Untimely Filing (#17) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Expunge Lis Pendens (#25) is **GRANTED**.

DATED this 18th day of November 2011.

_____
Kent J. Dawson
United States District Judge